# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VINSON BELCHER | *<br>* |
| Petitioner, | *<br>* |
| v. | *     Civil No. CCB-18-3471<br>* |
| TIMOTHY S. STEWART, | *<br>* |
| Respondent. | *<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM**

Now pending is respondent Timothy S. Stewart's motion to dismiss *pro se* petitioner Vinson Belcher's Petition for Writ of Habeas Corpus. (ECF 8).[1] The court issued an order granting Belcher 28 days to respond to Stewart's allegations that his claims are subject to dismissal, (ECF 9), but Belcher has provided no additional filings. The motion is thus ripe for review and no oral argument is necessary. For the reasons explained below, the motion to dismiss will be granted.

## **BACKGROUND**

Belcher is a federal prisoner incarcerated at FCI Cumberland in Cumberland, Maryland. (Pet. at 1, ECF 1).[2] Belcher was convicted and sentenced by the United States District Court in Toledo, Ohio, for the following offenses: Distribution of Heroin, Distribution of Fentanyl, and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1). (Cruz Decl. ¶ 12, Mot.

---

[1] The motion is captioned and docketed as an answer to the petition, but the arguments and prayer for relief contained therein are consistent with a motion to dismiss. Accordingly, the court will treat the "answer" as a motion to dismiss.
[2] Citations to page numbers in Belcher's petition correspond to page numbers assigned by CM/ECF.

1

Ex. 1, ECF 8-1).

Under 18 U.S.C. § 3621, a prisoner convicted of a nonviolent offense who successfully completes a residential drug abuse treatment program ("RDAP") while in custody may be eligible for a sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B). While Belcher successfully completed an RDAP, he was denied early release. (Pet. at 2). Belcher filed this habeas petition pursuant to 28 U.S.C. § 2241, arguing that (1) the Federal Bureau of Prisons ("BOP") and Federal Correctional Institution ("FCI") Cumberland violated the Administrative Procedure Act ("APA") when it promulgated regulation 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000), and (2) that the BOP wrongfully denied him early release. (*Id.*). Stewart seeks dismissal of these claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), respectively.

## STANDARD OF REVIEW

Rule 12(b)(6):

To survive a motion to dismiss for failure to state a claim, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences,

2

unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

Rule 12(b)(1):

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The plaintiff bears the burden of establishing subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). A defendant may challenge subject matter jurisdiction in two ways: (1) "by attacking the veracity of the allegations contained in the complaint; or (2) "by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper." *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013). When a defendant uses the former method to contest subject matter jurisdiction, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citations omitted).

## ANALYSIS

### I. APA Claim

Belcher claims that the BOP and FCI Cumberland violated § 706(2)(A) of the APA by promulgating regulation 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000). (Pet. at 2). The regulation Belcher cites is the 2000 version of a BOP regulation issued pursuant to the grant of authority in 18 U.S.C. § 3621. *See Peck v. Thomas*, 697 F.3d 767, 770 (9th Cir. 2012). Section 3621

3

provides, in relevant part, that a prisoner convicted of a nonviolent offense who successfully completes an RDAP while in custody may be eligible for a sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B). The regulation Belcher challenges states that a prisoner serving a sentence for a felony involving a firearm is categorically excluded from RDAP early release. 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000). Belcher argues that because § 922(g) is not a crime of violence, the regulation violates the APA. *See* 5 U.S.C. § 706(2)(A) (agency action is invalid if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

As the government correctly points out, 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000) is an outdated regulation which has not been in effect since 2009. This regulation has a somewhat complicated history. The original 1995 version of 28 C.F.R. § 550.58 defined the term "nonviolent offense" in § 3621(e) as synonymous with the statutory definition of "crime of violence" in 18 U.S.C. § 924(c)(3). *Peck*, 697 F.3d at 770. The BOP further stated that, for early release purposes, convictions under 18 U.S.C. § 922(g) qualified as "crimes of violence." *Arrington v. Daniels*, 516 F.3d 1106, 1109 (9th Cir. 2008). This interpretation of § 922(g) as a "crime of violence" was challenged as unreasonable in several Courts of Appeals, leading to a circuit split. *See Peck*, 697 F.3d at 770 n.2 (noting that the Eighth, Ninth, Tenth, and Eleventh Circuits held that 28 C.F.R. § 550.58 (1995) included an unreasonable definition of "crime of violence," but the Fourth and Fifth Circuits disagreed (collecting cases)). In response, the BOP amended § 550.58; the resulting regulation no longer imported the definition of "crime of violence" from § 924(c)(3), but rather asserted the BOP's discretionary authority to categorically exclude from RDAP early release prisoners serving sentences for felony convictions involving firearms. *Id.* at 770. The regulation was again challenged, and the Ninth Circuit invalidated the 2000 version of § 550.58 for the BOP's failure to set forth a rationale for the categorical

exclusion. *Id.* at 771 (citing *Arrington*, 516 F.3d at 1114). The BOP again amended § 550.58 in 2009, and recodified the regulation at 28 C.F.R. § 550.55. *Id.* at 771. The current version of § 550.55 became effective on May 26, 2016. *See* Drug Abuse Treatment Program, 81 Fed. Reg. 24484-02 (Apr. 26, 2016) (to be codified at 28 C.F.R. pt. 550).

As Belcher's eligibility for early release was reviewed on October 12, 2017, (Prior Offense Review, ECF 1-1), he was subject to the current version of 28 C.F.R. § 550.55. Sections 550.58(a)(1)(vi)(B) (2000) and 550.55(b)(5)(ii), however, are substantively identical: both versions of the regulation categorically exclude from eligibility for early release inmates serving sentences for a felony offense involving a firearm. In light of the court's obligation to liberally construe *pro se* pleadings, *see Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014), the court will treat Belcher's petition as a challenge to 28 C.F.R. § 550.55(b)(5)(ii).

Belcher argues that because § 922(g) is not a "crime of violence" within the meaning of § 924(c)(3), the BOP violated the APA when it promulgated a regulation categorically denying eligibility for prisoners serving § 922(g) sentences. Belcher's argument, however, is stale. The BOP regulation has not relied on the definition of "crime of violence" in § 924(c)(3) since 1997. *Peck*, 697 F.3d at 770; *Minotti v. Whitehead*, 584 F. Supp. 2d 750, 757 (D. Md. 2008). Rather, for over twenty years, the BOP has relied on its discretionary authority to determine eligibility for early release. *Id.* The Supreme Court has held that the BOP has discretion under § 3621(e)(2)(B) to categorically exclude from eligibility for RDAP early release prisoners serving sentences for felonies involving a firearm. *Lopez v. Davis*, 531 U.S. 230, 239–40 (2001). While the Ninth Circuit struck down the 2000 version of the BOP regulation for failure to give a reasoned basis for the categorical exclusion, *see Arrington*, 516 F.3d at 1113–14, since 2009, the BOP has articulated a public safety rationale for this categorical exclusion, stating that "in the

5

correctional experience of the Bureau . . . [t]here is a significant potential for violence from criminals who carry, possess or use firearms," and that "in the interest of public safety, these inmates should not be released months in advance of completing their sentences." *See* Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892-01 (Jan. 14, 2009) (to be codified at 28 C.F.R. pts. 545 and 550); Drug Abuse Treatment Program, 81 Fed. Reg. 24484-02 (Apr. 26, 2016) (to be codified at 28 C.F.R. pt. 550).

While the Fourth Circuit has not yet addressed whether the public safety rationale for excluding firearms offenders from RDAP early release satisfies APA requirements, the Ninth Circuit has held that it does. *See Peck*, 697 F.3d at 773 ("The defect identified in *Arrington*—a failure to articulate any supporting rationale in the administrative record, 516 F.3d at 1113—has been cured here.").[3] The court is persuaded by the reasoning of *Peck* and finds that Belcher has failed to state a claim that the BOP violated the APA in promulgating 28 C.F.R. § 550.55.

## II. Early Release Claim

Belcher also challenges the BOP's decision to deny him RDAP early release. (Pet. at 2). The court, however, does not have subject matter jurisdiction over this claim. The BOP's authority to grant early release to prisoners who have completed an RDAP stems from 18 U.S.C. § 3621, which provides, in relevant part, that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the

---

[3] Several other Courts of Appeals disagreed with the Ninth Circuit in *Arrington*, holding that the 2000 version of 28 C.F.R. § 550.55—which did not include an articulation of the public safety rationale—did, in fact, satisfy APA requirements. *See Licon v. Ledezma*, 638 F.3d 1303, 1310–11 (10th Cir. 2011); *Handley v. Chapman*, 587 F.3d 273, 282 (5th Cir. 2009); *Gardner v. Grandolsky*, 585 F.3d 786, 792 (3d Cir. 2009); *Gatewood v. Outlaw*, 560 F.3d 843, 848 (8th Cir. 2009).

prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The permissive language of this statute means that the BOP "has the authority, but not the duty" to grant early release to prisoners who have completed an RDAP. *See Lopez*, 531 U.S. at 241. While the APA provides for judicial review of agency action in some circumstances, Congress exempted from judicial review BOP actions "making [] any determination, decision, or order under," *inter alia*, § 3621. 18 U.S.C. § 3625.[4] In other words, "judicial review is not available for any *adjudication* by the BOP." *Minotti*, 584 F. Supp. 2d at 761 (emphasis in original). Courts in this district have defined a "BOP adjudication" as consisting of "retrospective particularized fact-finding for each prisoner." *See id.*; *Adams v. Stewart*, No. CV PWG-19-1047, 2020 WL 363398, at *3 (D. Md. Jan. 22, 2020); *Sorrell v. Stewart*, No. CV CCB-18-576, 2018 WL 6199560, at *4 (D. Md. Nov. 27, 2018); *Mullen v. Stewart*, No. CV DKC-17-3173, 2018 WL 1326412, at *5 (D. Md. Mar. 15, 2018) (relating to placement in a residential re-entry center).[5]

Belcher alleges that he was denied RDAP early release because he was serving a sentence for a § 922(g) conviction. But according to BOP paralegal specialist Lori R. Cruz, who analyzed Belcher's RDAP early release eligibility, she and the attorney who reviewed her work did not rely solely on Belcher's § 922(g) conviction in denying early release. (Cruz Decl. ¶¶ 15, 19). Rather, they looked to BOP Program Statement 5162.05, which "precludes an inmate from early release eligibility if the court, at the time of sentencing, assessed an SOC ["Specific Offense Characteristic"] enhancement for the use or possession of a dangerous weapon or the use or threatened use of force." (*Id.* ¶ 14). In Belcher's case, the Pre-Sentence Report reflected that the Probation Officer recommended a two-level SOC enhancement for Belcher's possession of at

---

[4] In full, 18 U.S.C. § 3625 provides that, "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." The reference to "this subchapter" is to "Subchapter C," which includes § 3621.

[5] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

7

least two firearms during the drug offenses, and the sentencing court's Statement of Reasons reflected that the court adopted the recommendation. (*Id.* ¶ 14). Belcher was thus denied RDAP early release because of the underlying facts of his drug convictions.[6]

Judge Grimm of this district recently ruled that the BOP engaged in "retrospective particularized fact-finding" regarding a habeas petitioner's eligibility for RDAP early release when it "considered whether the sentencing court applied a SOC enhancement to [the petitioner's] sentence, his Pre-Sentencing Report, and the sentencing court's Statement of Reasons, in light of applicable federal regulations and program statements." *Adams*, 2020 WL 363398, at *3. Here, the BOP engaged in the same process described in *Adams*: Cruz reviewed the Pre-Sentence Report and Statement of Reasons, which reflected that Belcher received a two-level SOC enhancement for possession of a firearm; and, in light of Program Statement 5162.05, the BOP determined that Belcher was ineligible for early release. (Cruz Decl. ¶ 14, 19). The court agrees with Judge Grimm that the results of this individualized review process are exempt from judicial review. *See Adams*, 2020 WL 363398, at *3; *see also Hernandez v. Stewart*, No. CV PX-17-1256, 2018 WL 495947, at *2 (D. Md. Jan. 19, 2018) (BOP's denial of RDAP early release to petitioners convicted of drug offenses with a two-level firearms enhancement was a permissible use of discretion); *Penalosa v. Warden, FCI, Cumberland*, No. CV JFM-15-3446, 2017 WL 79941, at *3 (D. Md. Jan. 6, 2017) (same). Accordingly, the court lacks subject matter jurisdiction to hear Belcher's claim that he was improperly denied RDAP early release.[7]

---

[6] Program Statement 5162.05 also "preclude[s] from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm." *See* Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892-01 (Jan. 14, 2009) (to be codified at 28 C.F.R. pts. 545 and 550). According to Cruz, Belcher's § 922(g) conviction provided a second, independent reason for denial of RDAP early release. (Cruz Decl. ¶ 16).

[7] It is not necessary to reach the government's argument that Belcher failed to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, Stewart's motion to dismiss will be granted. A separate order follows.

___1/30/20___  
Date

___CCB___  
Catherine C. Blake  
United States District Judge